# United States Court of Appeals
## For the First Circuit

No. 01-1347

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
JUAN SILVA-ROSA,
Defendant, Appellant.

No. 01-1348

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
JUSTINO LÓPEZ-ORTIZ,
Defendant, Appellant.

No. 01-1349

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
EMILIO GARCÍA-CORDERO,
Defendant, Appellant.

No. 01-1356

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
ANGEL GUADALUPE-ORTIZ,
Defendant, Appellant.

No. 01-1361

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
RADAMÉS TIRADO,
Defendant, Appellant.

No. 01-1362

UNITED STATES OF AMERICA,
Plaintiff, Appellee,
v.
AGAPITO BELARDO SALGADO,

Defendant, Appellant.

---

No. 01-1378
UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

JOSÉ CEDRIC MORALES,
Defendant, Appellant.

_____

No. 01-1379
UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ROBERT RABIN,
Defendant, Appellant.

_____

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]
[Hon. Aida M. Delgado-Colón, U.S. Magistrate Judge]

_____

Before

Torruella, Circuit Judge,
Kravitch,* Senior Circuit Judge,
and Lynch, Circuit Judge.

_____

Linda A. Backiel, for appellants.
Francis J. Bustamante, Special Assistant U.S. Attorney, with whom Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant U.S. Attorney, Chief, Criminal Division, and Aaron W. Reiman, Special Assistant U.S. Attorney, were on brief, for appellee.

_____

December 19, 2001

_____

_____

* Of the Eleventh Circuit, sitting by designation.

-3-

**TORRUELLA, <u>Circuit Judge</u>.** Appellants-defendants were convicted of trespassing onto a United States military installation. On appeal, appellants collectively and separately challenge several rulings made by the district court at trial. Because we find no error in the district court's rulings, we affirm.

<u>BACKGROUND</u>

On October 18, 2000, appellants Juan Silva-Rosa, Justino López-Ortiz, Emilio García-Cordero, Angel Guadalupe-Ortiz, Radamés Tirado, Agapito Belardo Salgado, José Cedric Morales, and Robert Rabin were arrested for trespassing at Camp García, a military installation on the island of Vieques, Puerto Rico. Appellants were each charged with violating 18 U.S.C. § 1382, which prohibits entry onto military or naval property for any unlawful purpose. Upon the government's motion, the district court consolidated the cases, and a bench trial was set for February 1, 2001.

Before trial, appellants Guadalupe-Ortiz, Morales, López-Ortiz, and Rabin filed motions seeking to disqualify United States Navy officers from prosecuting the case. Appellants argued that the Navy officers, appointed as Special Assistant United States Attorneys to prosecute the case, had an institutional conflict. More specifically, the ongoing controversy between the Navy and local residents over the bombing exercises at Camp García prevented Navy personnel from serving

as disinterested prosecutors.  The district court denied appellants' motions, and the government was represented at trial by Navy officers.

In another pretrial motion, appellants Guadalupe-Ortiz, Rabin, López-Ortiz, and Morales sought to exclude a document entitled "Certificate of Non-existence of Record."  Signed by Lieutenant Commander Neftalí Pagán, the document stated that Navy personnel searched through government records and did not find appellants' names among those authorized to enter Camp García.  The district court denied the motion in limine, and the certificate was admitted at trial over appellants' objection.[1]

At trial, appellants tried several times to present a defense of necessity.  They proffered evidence to show that their presence at Camp García was justified based on their reasonable belief that trespassing would prevent the Navy from conducting military exercises that allegedly threaten the lives of Vieques residents and the environment on the island.  After listening to the proffer, however, the district court excluded the evidence.

Towards the end of the trial, appellants Tirado, García-Cordero, and López-Ortiz each took the stand and attempted to testify as to their state of mind.  In particular, appellants were prepared to testify that their political, religious, and moral beliefs compelled

---

[1] Because the district court ruled that an objection made on behalf of one defendant would serve as an objection for all of the defendants, we impute the appeal of the certificate's admission to all appellants.

them to disobey the law. The district court excluded this portion of their testimony, as it was "part and parcel of the defense of necessity."

The district court found appellants guilty of violating 18 U.S.C. § 1382. Appellants were sentenced to one year of unsupervised probation, forced to pay a monetary fine of ten dollars, and instructed not to enter Camp García during the period of probation.

**DISCUSSION**

Appellants collectively and separately challenge several rulings made by the district court. First, appellants Guadalupe-Ortiz, Morales, López-Ortiz, and Rabin challenge the district court's denial of their motion to disqualify Navy officers from prosecuting their case. Second, appellants collectively argue that the district court erred in admitting the Certificate of Non-Existence of Record. Third, all of the defendants appeal the district court's denial of their right to present a defense of necessity. Fourth, Tirado, García-Cordero, and López-Ortiz appeal the district court's refusal to allow them to testify as to their state of mind. Because we find no reversible error in any of the district court's rulings, we affirm.

**A. Failure to Disqualify Navy Officers**

Appellants Guadalupe-Ortiz, Morales, López-Ortiz, and Rabin argue that the district court erred by not disqualifying Navy officers from serving as the prosecuting attorneys. In support of their

argument, appellants rely exclusively on Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987). In Young, petitioners were found guilty of criminal contempt for violating the district court's injunction prohibiting trademark infringement. To prosecute the criminal contempt action, the district court appointed the attorney of the party whose trademark had been infringed. The Supreme Court exercised its supervisory power to reverse the convictions, holding that "counsel for a party that is the beneficiary of a court order may not be appointed to undertake contempt prosecutions for alleged violations of that order." Id. at 790. In reaching its conclusion, the Supreme Court stated that a private attorney appointed by the court to prosecute a criminal contempt action "should be as disinterested as a public prosecutor who undertakes such a prosecution." Id. at 804.

Appellants argue that the Navy officers assigned to prosecute their case did not possess the requisite amount of disinterestedness. At the time of trial, several of the defendants had been actively involved in political and legal efforts to enjoin the Navy from conducting its military exercises in Vieques. Appellants claim that their repeated conflicts with the Navy vested the prosecuting officers with a passionate resolve to convict appellants that violated the disinterestedness requirement set forth in Young.

Notwithstanding appellants' assertions to the contrary, Young is inapposite for at least one conspicuous and significant reason: the

-7-

<u>Young</u> Court challenged the propriety of a <u>court-appointed</u> prosecutor. In contrast, the instant case involves prosecutors whom the Attorney General appointed to serve as Special Assistant United States Attorneys. The Attorney General is authorized to make these appointments under 28 U.S.C. § 543(a), and "[t]his authorization contains no limitation on the persons whom the Attorney General may appoint." <u>United States</u> v. <u>Allred</u>, 867 F.2d 856, 871 (5th Cir. 1989).

In essence, then, appellants are asking this Court to dictate to the executive branch whom it can appoint to serve as its prosecutors. Such a position would expand the power of judicial officials to such a degree as to trigger weighty separation of powers concerns. Appellant's argument thus takes us far outside the scope of <u>Young</u>, where the doctrine of separation of powers was not even implicated. We, therefore, find appellants' reliance on <u>Young</u> to be misguided and decline their invitation to over-extend our authority and trample on the executive branch's seemingly exclusive discretion.[2]

## B. Admission of Certificate of Non-Existence of Record

Appellants collectively argue that the district court erred in admitting the Certificate of Non-Existence of Record. For our analysis on this issue, see <u>United States</u> v. <u>Ventura-Meléndez</u>, No. 01-

---

[2] This case does not present, and we do not reach, any question of an appointment under 28 U.S.C. § 543(a) of a prosecutor so interested in the outcome of a case as to raise the "serious constitutional questions" discussed in <u>Marshall</u> v. <u>Jerrico</u>, 446 U.S. 238, 249-50 (1980).

1400, slip op. at 7-8 (1st Cir. Dec. __, 2001).[3] On the basis of the analysis set forth in Ventura-Meléndez, we conclude that the district court was well within its discretion in admitting the certificate.[4]

## C.  Exclusion of the Necessity Defense

Appellants collectively assert that the district court erred by finding the defense of necessity irrelevant to their trespassing convictions and therefore barring its presentation at trial.  For our analysis on this issue, see United States v. Sued-Jiménez, No. 00-2146, slip op. at 5 (1st Cir. Dec. __ 2001).[5]  Based on the analysis set forth in Sued-Jiménez, we conclude that the district court properly precluded the defense.

## D.  Exclusion of State of Mind Testimony

---

[3]  The Ventura-Meléndez case also involved an appellant who was convicted of trespassing onto Camp García in 2000.  In her appeal, Ventura argued that the district court erred in admitting a Certificate of Non-Existence of Record.  Because the certificate in Ventura-Meléndez is identical to the one that appellants challenge here, we have decided to dispose of this issue by referencing the Ventura-Meléndez case rather than repeating its contents.

[4] Because the Certificate of Non-Existence of Record is admissible, we find that there is sufficient evidence for the district court to have found that appellants were not authorized to enter Camp García.  Thus, appellants' perfunctory and conclusory claim that there was insufficient evidence to support their conviction necessarily fails.

[5]  Sued-Jiménez also involved appellants who were convicted of trespassing onto Camp García in 2000.  Appellants in that case argued that the district court erred in excluding their presentation of a necessity defense.  Because appellants in both cases shared the same circumstances and set forth identical arguments regarding the necessity defense, we have decided to dispose of this issue by referencing the Sued-Jiménez case rather than repeating its contents.

Appellants Tirado, García-Cordero, and López-Ortiz challenge the district court's refusal to allow them to testify as to their state of mind. Appellants were prepared to testify that their actions were justified based on their political, religious, and moral beliefs. They argue that as criminal defendants, they have an unbridled right to present evidence related to their state of mind.

Though a criminal defendant is granted much latitude in presenting a defense, In re Oliver, 333 U.S. 257, 273-74 (1978), he does not have the right to present irrelevant testimony. United States v. Maxwell, 254 F.3d 21, 26 (1st Cir. 2001). Therefore, when the "proffer in support of an anticipated affirmative defense is insufficient as a matter of law to create a triable issue, a district court may preclude the presentation of that defense entirely." Id.; see also United States v. Bailey, 444 U.S. 394, 414-15 (1980) (finding it "essential" that defendant's proffered evidence on a defense meet a minimum standard as to each element before that defense may be submitted to the jury).

In the instant case, appellants were prevented from testifying as to the political and religious reasons that motivated them to trespass on Navy property. This testimony is relevant, as the district court noted, only insofar as it pertains to the necessity defense. Because the district court correctly determined that appellants could not make out a necessity defense, we find no error in

-10-

the district court's excluding "the presentation of that defense entirely."  <u>Maxwell</u>, 254 F.3d at 26.

**<u>CONCLUSION</u>**

For these reasons, the convictions are **affirmed**.